Filed 8/20/25  P. v. Beadle CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFERY BEADLE,<br><br>    Defendant and Appellant. | 2d Crim. No. B338770<br>(Super. Ct. No. NA105727)<br>(Los Angeles County) |

Jeffery Beadle appeals after the trial court denied his Code of Civil Procedure section 170.6 challenge and declined to resentence him under Penal Code section 1172.1.[1]  We conclude the court's order is not appealable and will dismiss the appeal.

PROCEDURAL BACKGROUND

In 2018, a jury convicted appellant of unlawful sexual intercourse with a minor causing great bodily injury (Pen. Code, §§ 261.5, subd. (c), 12022.7, subd. (a); count 1), human trafficking of a minor for a commercial sex act (§ 236.1, subd. (c)(1); count 2),

---

[1] Undesignated statutory references are to the Penal Code.

pimping a minor 16 years of age or older (§ 266h, subd. (b)(1); count 3), pandering by encouraging a minor over the age of 16 (§ 266i, subd. (b)(1); count 4), and seven counts of dissuading a victim or witness from testifying (§ 136.1, subd. (a)(1); counts 5-11). Appellant admitted that he had prior strike and serious felony convictions (§§ 667, subds. (a)(1) & (d), 1170.12, subds. (a) & (b)) and had served a prior prison term (§ 667.5, subd. (b)). The trial court sentenced him to 47 years and four months in state prison. We affirmed the judgment on appeal. (*People v. Beadle* (Nov. 21, 2019, B289933) [nonpub. opn.].)

In April 2024, appellant filed a request for resentencing pursuant to section 1172.1. Along with the request, appellant submitted a Code of Civil Procedure section 170.6 peremptory challenge of Judge Laura Laesecke, who presided over his trial.

In an ex parte minute order, Judge Laesecke denied the peremptory challenge as untimely and "decline[d] to resentence" appellant.

DISCUSSION

We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216. Appellant's counsel requests that we conduct an independent review of the record. We decline this invitation and instead respond to the arguments appellant raises in his supplemental brief. (*Id.*, at pp. 231-232.)

In his supplemental brief, appellant acknowledges his "motion was procedurally unauthorized under [section 1172.1, subdivision (c)]." He nonetheless contends the order is

appealable "because the trial court, although not required to rule on the request, affirmatively denied it and thus ruled on it . . . ."

We disagree. Section 1172.1, subdivision (c) expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*) A defendant who nevertheless files a request under section 1172.1 "has no *right* to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*).)

Thus, "an order acting on [a section 1172.1 request] *(whether couched as a denial, dismissal, or any other statement that the court is not acting)* does not affect the defendant's substantial rights." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696, italics added; § 1237, subd. (b) [post-judgment order appealable if it affects "the substantial rights of the party"].) "We do not think that a court's phrasing of an order can convert a nonappealable order into an appealable one." (*Faustinos*, at p. 697.)

Likewise, an order denying a peremptory challenge of a judge is "'not an appealable order and may be reviewed only by a writ of mandate . . . .'" *(People v. Peoples* (2016) 62 Cal.4th 718, 786; Code Civ. Proc., § 170.3, subd. (d).) As neither component of the trial court's order is appealable, we will dismiss the appeal. (See *Hodge*, *supra*, 107 Cal.App.5th at p. 991.)

Because the order is not appealable, we need not consider the merits of appellant's claim of "major bias from" Judge Laesecke. Regardless, appellant fails to demonstrate judicial bias. (Cf. *People v. Freeman* (2010) 47 Cal.4th 993, 996 ["[O]nly the most 'extreme facts' would justify judicial disqualification based on the due process clause."].)

3

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


CODY, J.


We concur:


GILBERT, P. J.


BALTODANO, J.


4

Laura L. Laesecke, Judge
Superior Court County of Los Angeles
_____

     Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

     No appearance for Plaintiff and Respondent.